## G. W. HOWELL V. THE STATE.

No. 21646.  Delivered June 11, 1941.

The opinion states the case.

*Williamson & Nordyke,* of Stephenville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of bigamy by a jury in Erath County and given two years in the penitentiary.

Admittedly, appellant was a married man and induced a young girl to go with him and get married. It seems they had difficulty in finding a preacher and, according to her testimony, he falsely represented to her that he had a marriage license and was looking for a preacher. Early the next morning, however,

he secured a marriage license and was married by a justice of the peace, after which they went to the home of the girl's father in the country, from which they went to Rotan to visit a number of her relatives; then to Roby and other places where they seem to have spent the day gathering up the girl's clothes. After some days, the time being indefinite, he was arrested in another county some distance away. Admittedly, appellant was married and had been living with his wife. When arrested he signed a written statement confessing the offense with which he was charged. As a witness he testified that somebody gave him a tablet which knocked him out and that he did not know that he was doing and had no recollection of the marriage nor of his arrest and knew nothing of the written confession. The jury disbelieved his story.

Appellant has some bills of exception which are immaterial, as we see the case, and could not be sustained as a matter of law if they were. By two of his bills of exception complaint is made of testimony admitted to the effect that it was the general reputation in the community in which he lived that he and the woman with whom he was living were married. This evidence was admissible. Furthermore, such former marriage was not denied. Waldrop v. State, 53 S. W. 130.

The judgment of the trial court is affirmed.